9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARTHUR S. LANGENDERFER, INC., Plaintiff-Appellant,
v.
S.E. JOHNSON COMPANY, Defendant-Appellee.
 No. 92-3889.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: MARTIN and JONES, Circuit Judges; and DEMASCIO, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Arthur S. Langenderfer, Inc. appeals the district court's denial of its motion for postjudgment interest. Langenderfer moved the court for an order requiring defendants to pay postjudgment interest as computed from October 2, 1986, the date when judgment was first entered in Langenderfer's favor in the district court. This Court previously held with respect to this litigation that, upon remand, the district court "may award postjudgment interest in a manner consistent with [Kaiser Aluminum & Chemical Corp. v.] Bonjorno [, 494 U.S. 827 (1990) ]." Arthur S. Langenderfer, Inc. v. S.E. Johnson Co., 917 F.2d 1413, 1447 (6th Cir.1990), cert. denied, --- U.S. ----, 112 S.Ct. 51 (1991). Langenderfer contends that the district court erred in denying its motion and applying this Court's holding so as to entitle Langenderfer to interest only from February 12, 1991, the date of this Court's Mandate. We are not persuaded.
 
 
 2
 Judge Wellford has already comprehensively related the facts in this seemingly interminable dispute. See Langenderfer, 917 F.2d at 1416-49. First, we note that this Court did not affirm the prior district court judgment. The district court therefore correctly proceeded upon remand under the second sentence of FED.R.APP.P. 37. Second, the court's denial of Langenderfer's motion involved a purely factual finding as to the amount of interest due following this Court's modification of Langenderfer's original judgment award. Accordingly, we review the denial of Langenderfer's motion under a "clearly erroneous" standard. FED.R.CIV.P. 52(a). We conclude that the district court's findings were not clearly erroneous. The court's memorandum of August 5, 1992 eloquently summarizes its reasoning, with which we agree.
 
 
 3
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation